REDMANN, Judge.
Plaintiff appeals from the rejection of its demand as against defendant Cortes for damages for breach of a demolition contract between plaintiff and defendant Barnes. We affirm.
Cortes, “doing business as The Gloen Company”, had purchased a defunct ice plant’s refrigeration equipment and contracted with Barnes, dba Cajun Construction Company, to dismantle it for $12,000. The ice plant land and buildings were thereafter bought by plaintiff, who contracted with “Barnes dba The Gloen Company” (sic), for demolition of the buildings for no payment except salvaged materials. Barnes’s default on the latter contract obliged plaintiff to complete it at a cost of $11,500.
“The Gloen Company” has been Cortes’s trade name since 1961, always employed in export-import of machinery, and never in construction or demolition.
Plaintiff’s theory is that Barnes was either Cortes’s partner (actually or by estop-pel) or Cortes’s apparent agent.
Plaintiff’s evidence was in part explained and in part directly contradicted by Cortes.
The payment by Cortes of Barnes’s laborers (while Barnes was apparently performing both contracts) was reasonably explained as an agreed method of making progress payments to Barnes, all such salary payments being charged against the Cortes-Barnes contract price.
The only testimony of Cortes having entered into the demolition contract negotiations came from an officer of plaintiff. Cortes contradicted this testimony (“I heard his testimony * * * and he is a liar, so help me God”).
*590 We conclude that the insuperable obstacle to the claim against Cortes is that plaintiff’s written contract was with “Barnes, dba The Gloen Company.” It was not even with “The Gloen Company by Barnes,” much less “Cortes & Barnes by Barnes” or “Cortes by Barnes”. Since Barnes did not, in his contract, purport to act for or represent anyone but himself individually (though falsely claiming to do business [individually] under a trade name), discussion of partnership by estop-pel (especially if an ordinary partnership, see C.C. art. 2872) and of apparent agency is unnecessary.
The judgment is affirmed.